IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BASIR MATEEN RAZZAK, )
)
Petitioner, )
)
v. ) 1:16CV1042
)
JACK CLELLAND, et al., )
)
Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with the $5.00 filing fee. For the following reasons, the Petition cannot be further processed.

1. Petitioner fails to indicate that he exhausted state court remedies as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless Petitioner first exhausts state court remedies. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422). Although Petitioner reports making certain filings as to some of his claims, none were sufficient to exhaust his claims.

2. Petitioner does not currently state any coherent and viable claim for relief. Petitioner claims are rambling and somewhat incoherent. However, his first claim for relief appears to assert diplomatic immunity based on his alleged position as the Minister of Agriculture in Study Group #56 of the Nation of Islam of North America. The fact that Petitioner may hold an office or

position in a religious group does not provide him with diplomatic immunity from criminal prosecution. Petitioner's second claim alleges religious discrimination and unlawful incarceration. He again states that he and his family hold membership in the Nation of Islam. However, he fails to tie this in any way to his arrest or prosecution and, in any event, membership in a religious group again does not somehow provide immunity from prosecution for criminal acts. Petitioner also alleges that his arrest occurred pursuant to unsigned documents, but provides no supporting details for this statement. Finally, in his third claim for relief, Petitioner attempts to raise a tort claim based on his incarceration and a stroke or seizure he suffered while detained. Petitioner cannot raise tort claims in an action under § 2254.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition after exhausting his state court remedies. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to return

Petitioner's $5.00 filing fee and to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 12th day of September, 2016.

                                              /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                      **United States Magistrate Judge**